Jo-Anne Pesta
Attention: Grievance Clerk
United States District Court
141 Church Street
New Haven, Conn.
06510

March 3rd, 2020

**RECEIVED**

MAR 0 9 2020

U.S. DISTRICT COURT
NEW HAVEN, CT

Dear Ms. Pesta:

RE: Frank P. Cannatelli, Fed. Bar # 04394

    As per our communication today, you asked that I put in writing my recent diciplinary action in state Court. Please see that explanation below.

    On or about February 3rd, 2016, the state brought a presentment against me. At about the same time, I filed an interim appeal, which was ultimately lost. On or about January 28th, 2020, the Court, per Judge Abrams, suspended me from the practice of law effective February 15th, 2020 for one year.

    On January 31st, 2020, I filed a motion to dismiss the presentment for lack of subject matter jurisdiction. Evidently the practice book requires the presentment to be heard within sixty days. I also filed a motion to stay, with other motions. See Court Docket enclosed.

    The Court, per Judge Abrams, has not ruled upon the motion to dismiss. I am currently involved in a federal criminal matter with Judge Chatigney. See, USA vs Frank Carr, 3:19CR180 (RNC).

    I am hoping that the disciplinary action at the state level will be dismissed. If not, I do plan to appeal on two grounds: 1. Subject Matter Jurisdiction is lacking; 2. Disciplinary Action is excessive.

    I am further requesting that any action be stayed at this level until the state matter is resolved. If Judge Abrams denies my pending motion to reconsider the stay, I do plan to file a motion for review with the Appellate Court.

    I am sorry for this late notice. I tried to communicate with the Court, but was told to notify the Grievance Committee. Any delay was due to my ignorance and I take full responsibility.

Yours, very truly,

Frank P. Cannatelli
#04394

DOCKET NO. CV 16-6060188

OFFICE OF THE CHIEF : SUPERIOR COURT
DISCIPLINARY COUNSEL

v. : JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

FRANK CANNATELLI : JANUARY 28, 2020

## MEMORANDUM OF DECISION

The parties in this matter have stipulated that the court, when entering judgment, may find the facts set forth in the reviewing committee's November 20, 2015 decision by clear and convincing evidence, as well as the Respondent's violations of the Rules of Professional Conduct and the Practice Book.

In entering the following orders, the court takes into account the Respondent's significant history of discipline and the fact that the issues raised in this grievance proceeding, particularly the Respondent's use of his IOLTA account to pay personal expenses, involved behavior for which the Respondent had been previously sanctioned:

1) The Respondent is hereby suspended from the practice of law for a period of one year, effective February 15, 2020.

2) Pursuant to Practice Book § 2-64, Attorney Andrew Marchant-Shapiro, Juris No. 435318, whose address is 40 Putnam Avenue, PO Box 612, Hamden, CT 06517 is appointed Trustee to take such steps as are necessary to protect the interests of the Respondent's clients, to inventory his files, and to take control of all of his clients' funds, IOLTA and fiduciary bank accounts. The Respondent is hereby ordered to fully cooperate with the Trustee in this regard.

3) The Respondent shall comply with the requirements contained in Practice Book § 2-47B entitled "Restrictions on the Activities of Deactivated Attorneys".

4) At the conclusion of his suspension, the Respondent may apply for reinstatement pursuant to the requirements contained in Practice Book § 2-53.

James W. Abrams, Judge




**State of Connecticut Judicial Branch**
# Superior Court Case Look-up

| | | | |
|---|---|---|---|
| Superior Court Case Look-up | *e* **NNH-CV16-6060188-S** | **DISCIPLINARY COUNSEL v. CANNATELLI, FRANK** | |
| Civil/Family | Prefix/Suffix: [none]   Case Type: M63   File Date: 02/03/2016   Return Date: 02/03/2016 | | |
| Housing | | | |
| Small Claims | Case Detail \| Notices \| History \| Scheduled Court Dates \| E-Services Login \| Screen Section Help | | |

To receive an email when there is activity on this case, click here.

Attorney/Firm Juris Number Look-up

Case Look-up
 By Party Name
 By Docket Number
 By Attorney/Firm Juris Number
 By Property Address

**Information Updated as of: 03/06/2020**

### Case Information

| | |
|---|---|
| **Case Type:** | M63 - Misc - Bar Discipline |
| **Court Location:** | NEW HAVEN JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 02/26/2020 (The "last action date" is the date the information was entered in the system) |

Short Calendar Look-up
 By Court Location
 By Attorney/Firm Juris Number
 Motion to Seal or Close
 Calendar Notices

Court Events Look-up
 By Date
 By Docket Number
 By Attorney/Firm Juris Number

### Disposition Information

| | |
|---|---|
| **Disposition Date:** | 01/28/2020 |
| **Disposition:** | JUDGMENT WITHOUT TRIAL-GENERAL |
| **Judge or Magistrate:** | HON JAMES ABRAMS |

Legal Notices

Pending Foreclosure Sales

Understanding Display of Case Information

Contact Us



Comments

### Party & Appearance Information

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01 DISCIPLINARY COUNSEL** | | Y | Plaintiff |
| Attorney: *e* OFFICE OF CHIEF DISCIPLINARY COUNSEL (422382)   File Date: 02/03/2016<br>100 WASHINGTON STREET<br>HARTFORD, CT 06106 | | | |
| **D-01 FRANK CANNATELLI** | | | Defendant |
| Self-Rep: *e* 8 RESEARCH PARKWAY<br>†NEW WALLINGFORD, CT 06492 | File Date: 02/21/2020 | | |
| Attorney: *e* FRANK P CANNATELLI (308656)<br>FRANK P. CANNATELLI<br>8 RESEARCH PARKWAY<br>WALLINGFORD, CT 06492 | File Date: 06/20/2016 | | |
| **O-01 ANDREW MARCHANT-SHAPIRO, TRUSTEE** | | | Trustee |
| Attorney: ANDREW ABRAMS MARCHANT-SHAPIRO (435318)<br>40 PUTNAM AVENUE<br>PO BOX 6123<br>HAMDEN, CT 06517 | File Date: 01/28/2020 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an *e* in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 06/20/2016 | D | **APPEARANCE** <br> Appearance | |
| | 02/21/2020 | D | **APPEARANCE** ! NEW <br> Appearance | |
| 100.30 | 02/03/2016 | P | **PRESENTMENT** | Yes |
| 100.31 | 02/03/2016 | P | **PRE-SERVICE ORDER FOR HEARING AND NOTICE** | No |
| 101.00 | 02/22/2016 | C | **ORDER HEARING AND NOTICE** <br> *RESULT:* Order 2/22/2016 HON ANGELA ROBINSON | No |
| 102.00 | 03/21/2016 | C | **ORDER HEARING AND NOTICE** <br> *RESULT:* Order 3/21/2016 HON ANGELA ROBINSON | No |
| 103.00 | 04/15/2016 | P | **RETURN OF SERVICE** | No |
| 104.00 | 07/06/2016 | P | **CASEFLOW REQUEST (JD-CV-116)** <br> request to move pre-trial to 7/28/16 <br> *RESULT:* Granted 7/6/2016 HON ANGELA ROBINSON | No |
| 104.10 | 07/06/2016 | C | **ORDER** <br> *RESULT:* Granted 7/6/2016 HON ANGELA ROBINSON | No |
| 105.00 | 07/26/2016 | P | **CASEFLOW REQUEST (JD-CV-116)** <br> *RESULT:* Granted 7/26/2016 HON ANGELA ROBINSON | No |
| 105.10 | 07/26/2016 | C | **ORDER** <br> *RESULT:* Granted 7/26/2016 HON ANGELA ROBINSON | No |
| 106.00 | 09/02/2016 | P | **MOTION FOR CONTINUANCE** <br> *RESULT:* Granted 9/6/2016 HON ANGELA ROBINSON | No |
| 106.10 | 09/06/2016 | C | **ORDER** <br> *RESULT:* Granted 9/6/2016 HON ANGELA ROBINSON | No |
| 107.00 | 09/25/2019 | P | **CASEFLOW REQUEST (JD-CV-116)** <br> Request for hearing <br> *RESULT:* Granted 9/25/2019 HON ROBERT YOUNG | No |
| 107.10 | 09/25/2019 | C | **ORDER** <br> *RESULT:* Granted 9/25/2019 HON ROBERT YOUNG | No |
| 108.00 | 10/08/2019 | C | **ORDER** <br> *RESULT:* Order 10/8/2019 HON JAMES ABRAMS | No |
| 109.00 | 11/25/2019 | P | **STIPULATION** <br> Stipulation of parties | No |
| 110.00 | 12/09/2019 | C | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** | No |
| 111.00 | 01/28/2020 | C | **ORDER** <br> *RESULT:* Order 1/28/2020 HON JAMES ABRAMS | No |
| 111.30 | 01/28/2020 | C | **MEMORANDUM OF DECISION** <br> *RESULT:* Order 1/28/2020 HON JAMES ABRAMS | No |
| 112.00 | 01/28/2020 | C | **JUDGMENT WITHOUT TRIAL-GENERAL** <br> *RESULT:* HON JAMES ABRAMS | No |
| 113.00 | 01/29/2020 | C | **NOTICE** | No |
| 114.00 | 01/31/2020 | D | **MOTION TO DISMISS PB 10-30** <br> Respondent's motion to dismiss | Yes |
| 115.00 | 01/31/2020 | D | **MEMORANDUM IN SUPPORT OF MOTION** <br> Respondent's memorandum of law in support of motion to dismiss | No |
| 116.00 | 01/31/2020 | D | **EXHIBITS** <br> Exhibits A through D in support of memorandum of law re: Motion to Dismiss | No |
| 117.00 | 01/31/2020 | D | **EXHIBITS** <br> Exhibit D refiled | No |
| 118.00 | 01/31/2020 | D | **MOTION TO REARGUE/RECONSIDER** <br> Respondent's motion to reconsider court ruling <br> *RESULT:* Denied 2/18/2020 HON JAMES ABRAMS | No |
| 118.10 | 02/18/2020 | C | **ORDER** <br> *RESULT:* Denied 2/18/2020 HON JAMES ABRAMS | No |
| 119.00 | 01/31/2020 | D | **EXHIBITS** <br> Exhibits A through C attached to motion to reconsider | No |

| | | | | | |
|---|---|---|---|---|---|
| 120.00 | 02/03/2020 | D | **MOTION FOR ORDER**<br>Motion for Order to Stay<br>RESULT: Denied 2/18/2020 HON JAMES ABRAMS | | No |
| 120.10 | 02/18/2020 | C | **ORDER**<br>RESULT: Denied 2/18/2020 HON JAMES ABRAMS | | No |
| 121.00 | 02/03/2020 | D | **EXHIBITS**<br>Exhibit A attached to motion to stay | | No |
| 122.00 | 02/04/2020 | P | **OBJECTION**<br>Objection to Motion to Dismiss | | No |
| 123.00 | 02/04/2020 | P | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PB 10-31** | | No |
| 124.00 | 02/11/2020 | P | **OBJECTION TO MOTION**<br>Objection to motion to reargue<br>RESULT: Sustained 2/18/2020 HON JAMES ABRAMS | | No |
| 124.10 | 02/18/2020 | C | **ORDER**<br>RESULT: Sustained 2/18/2020 HON JAMES ABRAMS | | No |
| 125.00 | 02/11/2020 | P | **OBJECTION TO MOTION**<br>Objection to motion to stay disciplinary decision<br>RESULT: Sustained 2/18/2020 HON JAMES ABRAMS | | No |
| 125.10 | 02/18/2020 | C | **ORDER**<br>RESULT: Sustained 2/18/2020 HON JAMES ABRAMS | | No |
| 126.00 | 02/13/2020 | D | **REPLY**<br>Reply to Objection to Motion to Dismiss | | No |
| 127.00 | 02/13/2020 | D | **REPLY**<br>Reply to Objection to Motion to Stay | | No |
| 128.00 | 02/13/2020 | D | **REPLY**<br>Reply to Objection to Motion to Reargue | | No |
| 129.00 | 02/20/2020 | O | **MOTION FOR ARTICULATION**<br>(Filed at request of pro se defendant Cannatelli) M to Articulate Denial of M to Reconsider | | No |
| 130.00 | 02/20/2020 | O | **MOTION FOR ARTICULATION**<br>(Filed at request of pro se defendant Cannatelli) M to Articulate Denial of M to Stay | | No |
| 131.00 | 02/24/2020 | D | **MOTION TO REARGUE/RECONSIDER** ! NEW<br>Respondent's Motion to Reconsider denial of motion to stay | | No |
| 132.00 | 02/21/2020 | D | **MOTION FOR ORDER** ! NEW<br>motion for permission to file hard copy or fax | | No |
| 133.00 | 02/25/2020 | P | **OBJECTION TO MOTION** ! NEW<br>Objection to motion to articulate decision denying motion to stay | | No |
| 134.00 | 02/25/2020 | P | **OBJECTION TO MOTION** ! NEW<br>Objection to motion to reconsider or reargue denial of motion to stay | | No |
| 135.00 | 02/25/2020 | P | **OBJECTION TO MOTION** ! NEW<br>Objection to motion to articulate decision denying motion to reconsider | | No |
| 136.00 | 02/26/2020 | D | **WITHDRAWAL OF MOTION** ! NEW<br>withdrawal of motion to file hard copies or by means of fax | | No |

| Scheduled Court Dates as of 03/05/2020 | | | | |
|---|---|---|---|---|
| NNH-CV16-6060188-S - DISCIPLINARY COUNSEL v. CANNATELLI, FRANK | | | | |
| # | Date | Time | Event Description | Status |
| 1 | 03/09/2020 | | Short Calendar SC-10 #039 | |
| 2 | 03/16/2020 | | Short Calendar SC-01 #013 | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a

single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2020, State of Connecticut Judicial Branch

Page Created on 3/6/2020 at 9:52:18 AM

| | |
|---|---|
| DOCKET NO. CV-16-6060188 | SUPERIOR COURT |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | JD OF NEW HAVEN |
| VS | AT NEW HAVEN |
| FRANK CANNATELLI | JAN. 29TH, 2020 |

## MOTION TO DISMISS ON SUBJECT MATTER GROUNDS

The Respondent, Frank P. Cannatelli, pursuant to Connecticut Practice Book Sections 10-30(a)(1) and 10-33, hereby moves to dismiss the instant action for lack of subject matter jurisdiction.

Further, in support of said motion, the Respondent cites Practice Book Section 2-47(a) and further files his attached memorandum of law in support of this motion. For the reasons stated in that memorandum of law, Respondent humbly moves to dismiss the instant action.

Oral Argument is Requested.
Testimony is not Required.

THE RESPONDENT,

BY _____
Frank P. Cannatelli
8 Research Parkway
Wallingford, Conn.
06492
Phone: (203) 949-1650
        (203) 508-4223
        (203) 397-1066
Fax: (203) 949-1660
Juris # 308656
Email: Cannatellilaw@aol.com

## ORDER

The foregoing motion, after being duly considered and heard by the Court, is hereby: ORDERED

GRANTED//////DENIED.

BY THE COURT

_____
JUDGE

1.

## CERTIFICATION

I, Frank P. Cannatelli, on this 30th day of January, of 2020, hereby certify that I have mailed a copy of this motion, prepaid, with the attached memorandum of law and all exhibits, to Brian Staines, Assist. Disciplinary Counsel, 100 Washington Street, Hartford, Conn. 06106.

_____
Frank P. Cannatelli

2.

| | | |
|---|---|---|
| DOCKET NO. CV-16-6060188 | : | SUPERIOR COURT |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | : | JD OF NEW HAVEN |
| VS | : | AT NEW HAVEN |
| FRANK CANNATELLI | : | JAN. 29TH, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS ON SUBJECT MATTER GROUNDS

The Respondent, Frank P. Cannatelli, pursuant to Connecticut Practice Book Sections 10-30(a)(1) and 10-33, hereby moves to dismiss the instant action for lack of subject matter jurisdiction.

Further, in support of said motion, the Respondent cites Practice Book Section 2-47(a) and further files this attached memorandum of law in support of this motion. For the reasons stated in this memorandum of law, Respondent humbly moves to dismiss the instant action.

### FACTS

This action brought in the form of a Presentment, was initially brought on or about February 3rd, 2016. A Pre-service order for hearing and notice was filed the same date, and on February 21st, 2016 the Court, per the Honorable Angela Robinson, issued an order on March 21st, 2016. The Return of Service of Process occurred on or about April 15th, 2016. On December 9th, 2019, the Court heard argument and allowed the Respondent to file his list of exhibits. The Court Record does not list the hearing date, but December 9th was the date the parties were heard on this matter. See, Ex. A attached.

### LAW

A Motion to Dismiss "shall be used to assert: (1) lack of jurisdiction over the subject matter (which can never be waived); (2) lack of jurisdiction over the person; (3) insufficiency of process; and (4) insufficiency of service of process. Please see Connecticut Practice Book Section 10-30(a)(1). Further, a motion to dismiss tests whether, on the face of the record, the court is without jurisdiction. See, Walson v. Ballon Stoll Bader and Nadler, P.C., 121 Conn. App. 366 (2010).

1.

Subject matter jurisdiction is the power of the Court to hear and determine cases of the general class to which the proceeding in question belongs. See, Esposito v. Specyalski 268 Conn. 336, 348, 844 A. 2d 211 (2004). Here, it is clear that the Court has the right to hear Presentment matters. In fact, such matters actually go to the heart of the Court's power to regulate the conduct of the Bar. It is also well-established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. See, Amodio v. Amodio, 247 Conn. 724, 727-28, 724 A. 2d 1084 (1999).

Factually, as stated, this action was brought in February of 2016 and Returned in April of 2016. The actual action was heard on or about December 9th, 2019, or approximately three and a half years later. Practice Book Section 2-47(a) reads in applicable part:

> (a) Presentment of attorneys for misconduct, whether or not the misconduct occurred in the actual presence of the court, shall be made by written complaint of the disciplinary counsel. Service of the complaint shall be made as in civil actions. Any interim proceeding to the contrary notwithstanding, a hearing on the merits of the complaint shall be held within sixty days of the date the complaint was filed with the court. See, P.B. Section 2-47(a). See, Ex. B attached.

However the section is read, this action should have been brought by April 3rd, 2016. If the Court runs the sixty days from the date of return of April 15th, 2016, then the action should have been brought by June 15th, 2016. This action is over three years late. Further, it is also clear that the Practice Book Section uses mandatory language "shall".

At no time does this Respondent recall any waiver of the Practice Book Section placed on the record or agreed to among the parties hereto. Also, if the Court reviews the actual Present of Attorney filed by Beth Baldwin on or about February 3rd, 2016, the claim for relief states:

> Wherefore, for the Petitioner prays that the court set this matter down for a trial on the merits within sixty days as required by Practice Book Section 2-47,...etc. See Ex. C, attached.

On or about January 28th, 2020, the Court, per Judge Abrams, issued his memorandum of decision in this matter. See, Ex.D. He orders a one year suspension, and the following:

> The Respondent shall comply with the requirements contained in Practice Book Section 2-447B entitled "Restrictions on the Activities of Deactivated Attorneys"; and,
> At the conclusion of his suspension, the Respondent may apply for reinstatement pursuant to the requirements contained in Practice Book Section 2-53.

The Respondent wonders why the requirments of the Practice Book seem to only apply against the Respondent. Surely, these rules are meant to apply or be abided by -by all of the parties. The equities appear illusory under these circumstances.

The Respondent, in order to ensure "justice and fairness", requests that the Court, per Judge Abrams, clearly articulate why subject matter jurisdiction is or is not implicated here. It clearly is implicated as far as the Respondent can see. In fact, when Respondent filed his exhibits, he expected the Court to have made that determination sua-sponte, which the Court did not do.

Lastly, it must be stressed that pursuant to Practice Book Section 10-33, subject matter cannot be waived despite the section being entitled "Waiver of Subject Matter Jurisdiction.

CONCLUSION

The Respondent humbly requests that this Court, per Judge Abrams, dismiss his erroneous ruling based upon a lack of subject matter jurisdiction. If not, the Respondent requests an articulated opinion for purposes of an immediate appeal. Said motion to dismiss is made in the interets of justice and fairness, because if correct, the Court lacks authority to rule in this matter.

THE RESPONDENT

Frank P. Cannatelli
8 Research Parkway
Wallingford, Conn.
06492
Phone: (203) 949-1650
Fax: (203) 949-1660
Juris # 308656; Cannatellilaw@aol.com